STATE OF MISSISSIPPI v. CAESAR RAY ET AL.

[39 South. Rep., 521.]

CRIMINAL LAW. *Railroads. Throwing into trains. Laws* 1900, *ch.* 103, *p.* 141.

> Under Laws 1900, ch. 103, p. 141, making it a felony for any person to willfully hurl any missile at or into a moving train, it is no defense that the accused was standing at the time upon the platform or steps of the coach into which he threw.

FROM the circuit court of Pearl River county.

HON. WILLIAM T. McDONALD, Judge.

Caesar Ray and Charles Gaines, the appellees, were indicted and tried for willfully throwing a missile into a moving railroad train, in violation of Laws 1900, ch. 103, p. 141. It appeared upon the trial that when they threw the missile one of the defendants was riding upon the platform of the coach into which they threw and the other one upon the steps of the platform. The court below gave a peremptory instruction in defendants' favor, and the state appealed to the supreme court.

*J. N. Flowers,* assistant attorney-general, for appellant.

The case is clearly within the letter of the statute. Is it within the spirit? Is it as grave an offense for one to hurl a missile into a moving train when he is standing upon some part of the same train as it is for him to commit such an act when he is standing upon the ground? The law was intended for the protection of people in trains who are not on their guard and have no way of protecting themselves. Primarily, no doubt, it was aimed at those frequent cases where lawless persons, standing near a passing train, throw missiles or fire guns at it and escape detection and punishment. And it was not only intended to protect passengers and employes, but also railroad property in such cases where the offender cannot usually be apprehended. Since

such criminals are so hard to catch, a severe penalty is provided, the crime being made a felony.

But since it is an act exceedingly dangerous to persons in the car who are entirely off their guard when a train is in motion, we submit that the case made by the testimony in this record is within the spirit of the law.

*Counsel* did not appear for the appellees.

CALHOON, J., delivered the opinion of the court.

There was a peremptory instruction to find the defendants not guilty, which the verdict, of course, did. The state appeals, under Code 1892, § 39. Under clause 2 of that section we neither reverse nor affirm, but simply pronounce the law.

One of these appellants was on the platform of a moving passenger train; the other was on the steps of the same coach, below him. The one below handed to the other a half of a brick, which the one on the platform threw into the coach, where many passengers were, through the glass door. The statute (Laws 1900, p. 141, ch. 103) is this: "Be it enacted by the legislature of the state of Mississippi, That if any person shall willfully shoot any firearms or hurl any missile at, or into, any moving train within the state of Mississippi, such person shall, upon conviction, be punished," etc. Must one throw the missile while he is on the outside of the train in order to be guilty? We think not. He can throw into a moving train from a platform of it, as well as from the ground outside. If he throws into a car moving with and as part of a moving train, he throws into the train. This view comports with the purpose to correct a great evil, dangerous to passengers and destructive of property.